### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**DANNY TREY CROSSLAND**                    **DOCKET NO. 2:25-cv-1423**
                                                                  **SECTION P**

**VERSUS**                                                **JUDGE JAMES D. CAIN, JR.**

**WILLIAM R. THORNTON**                    **MAGISTRATE JUDGE LEBLANC**


## REPORT AND RECOMMENDATION

Pro se plaintiff Danny Trey Crossland ("Crossland"), proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 16, 2025.  Rec. Doc. 1.  Plaintiff is in the custody of the Louisiana Department of Corrections and is currently incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana.  He brings the instant civil rights suit against Vernon Parish Assistant District Attorney William R. Thornton.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

Crossland complains that in a brief filed in the Louisiana Third Circuit Court of Appeals the defendant called him a "malingerer."  Rec. Doc. 1, p. 4.  Crossland takes issue with this, as he has copies of medical records confirming he suffers from numerous severe medical conditions.  *Id.*  Crossland brings the instant suit because he "wants to sue William R. Thornton for defamation of character, slander and a hate crime."  *Id.*

## II.    LAW & ANALYSIS

### A.  *Frivolity Review*

Crossland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.)  To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C.  Application

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).  The United States Fifth Circuit Court of Appeals has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability.  *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). Absolute immunity is immunity from suit rather than from liability. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id*. at 1478.  The instant complaint is devoid of any facts that establish plaintiff's claims are for any action other than the defendant's role as a prosecutor, filing a legal brief in the appellate court.

Moreover, it is well established that there is no constitutional right to be free from defamation—either libel (defamation in written form) or slander (defamation in verbal form). *See Paul v. Davis,* 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976) (recognizing that while State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate liberty or property interest protected by the U.S. Constitution). Thus, defamation is not cognizable under § 1983 because it does not involve the deprivation of any rights, privileges, or immunities secured by the U.S. Constitution or federal law. *See, e.g., Mowbray v. Cameron County*, 274 F.3d 269, 277(5th Cir. 2001). As to defamation, Crossland has failed to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III.      CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 26th day of January, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE